McCarthy *v.* Mansfield.

———————◆———————

FLORENCE McCARTHY *versus* EDWARD MANSFIELD.

The finding in matters of fact, by a presiding Judge, in a case referred to him, with the right to except, is conclusive.

When the obligor in a bond for the conveyance of land has conveyed it to a third person by a deed of warranty made "subject to the incumbrance created by the bond," no demand for a conveyance need be made on the obligor prior to the commencement of an action upon the bond.

ON EXCEPTIONS and MOTION.

DEBT on a bond, dated March 14, 1855, given by the defendant to the plaintiff, stipulating that the former would convey to the latter the real estate therein described, on the conditions that the plaintiff should pay him $400 in twelve, $400 in twenty-four, and $200 in thirty months, with interest.

The case was withdrawn from the jury and submitted to the presiding Judge, reserving the right to allege exceptions.

The plaintiff introduced the bond and assignment thereof, dated August 23, 1855, to Dole & Moody, for whose benefit this action is brought; and copy of a deed of the premises described in the bond, bearing same date as the bond, from the defendant to one Patten. Immediately following a description of the premises in the deed, and before the *habendum*, was language of the following tenor:—"subject to the incumbrance alone by my liability this day created by my bond, to give a deed of the same to Florence McCarthy of said Portland, upon said McCarthy's payment of four hundred dollars in one year from this date, and of four hundred dollars in two years from this date, and of two

hundred dollars in two years and six months from this date, and I hereby make over and assign to said Patten all my claim to recover said money from said McCarthy and to demand and recover the sum of said McCarthy as fast as the same becomes due, and to use my name for the collection of the same of said McCarthy, in any legal proceeding therefor."

There was evidence tending to show that, in 1858, Dole & Moody had paid the two four hundred dollar instalments and tendered the remaining payment, but not at the several times stipulated in the bond; and that Patten made no objection to the tender on account of lapse of time or otherwise.

On the part of the defendant there was evidence tending to show that Patten did object to the tender as being made too late.

The presiding Judge found, as matter of fact:

1. That it was proved that a tender of the amount due on the bond was made by Dole.

2. That it was uncertain from the evidence adduced whether or not the amount tendered was received by Patten.

3. That no objection was made to the tender at the time it was made, for any cause.

4. That the evidence satisfactorily proved that there was a waiver by Patten of a strict performance of the bond, as to the *time* of payment upon each of the instalments.

And thereupon ordered judgment for the plaintiff for the amount of the two $400 payments and interest from the time they were made.

No specific ruling upon any point of law was asked for by the defendant.

The defendant alleged exceptions and filed a motion for a new hearing, upon the allegation that the " decision of the presiding Judge was against evidence and the weight of evidence, and erroneous in law."

*J. D. & F. Fessenden*, for the defendant, contended, that the decision of the presiding Judge was erroneous in law

because the plaintiff has failed to show himself entitled to maintain the action.

That tender alone of the amount due is not sufficient; but a demand for a conveyance must also be made. *Fuller* v. *Hubbard*, 6 Cowen, 2; *Hackett* v. *Huson*, 3 Wendell, 250; *Connolly* v. *Pierce*, 7 Wend., 129; *Pomroy* v. *Gold*, 2 Met., 502; *Hunt* v. *Livermore*, 5 Pick., 397. That the deed to Patten, being made subject to the incumbrance of the bond, thereby reverses the right to convey to McCarthy. McCarthy has never repudiated her contract.

*W. L. Putnam*, for the plaintiff.

On the finality of the presiding Judge's finding in matter of fact, counsel cited *Hersey* v. *Verrill*, 39 Maine, 272; *Roxbury* v. *Huston*, 39 Maine, 312; *Sampson* v. *Norton*, 45 Maine, 284; *Berry* v. *Johnson*, 53 Maine, 401; *Higbee* v. *Bacon*, 11 Pick., 430; *Stearns* v. *Fiske*, 18 Pick., 24; *Dole* v. *Thurlow*, 12 Met., 159.

Demand not necessary. *Richards* v. *Allen*, 17 Maine, 296; *Newcomb* v. *Brackett*, 16 Mass., 161; Dart's Vendors and Purchasers, 449.

TAPLEY, J.—Upon all matters of fact found by the presiding Judge, his finding is conclusive. It is contended in this case, that the plaintiff is not entitled to recover upon the facts found, for there was no evidence or finding that a demand was made of the defendant for a deed previous to the commencement of the action, and that it was error in *law* to give judgment for the plaintiff without such proof.

We think this position cannot be sustained, and that there was no error in this particular.

The defendant, by his deed duly executed on the same day the bond was executed, conveyed all his interest in the property described in the bond. From the moment of the execution and delivery of his deed he had no estate or interest in it whatever, that could be reached by any process of this Court. His deed could give no right or interest in it, for he had none to convey. The clauses inserted in the

McCarthy *v.* Mansfield.

deed, that it was made " subject to the incumbrance alone by my liability this day created by my bond to give a deed of the same to Florence McCarthy," &c., reserves no interest in the grantor. While it might operate as an incumbrance upon the estate in favor of McCarthy and her assigns, it nevertheless devested Mansfield of all interest therein. He could not convey, and hence no decree would be made requiring an impossibility. The authorities are clear upon this point. Patten having taken, subject to the conditions and provisions of the bond, could have been compelled to convey to McCarthy upon a performance of the conditions of the bond, he having full knowledge of those conditions and having taken the conveyance subject to them. He could however have been compelled to thus convey only at the instance of the party entitled to a conveyance. To such persons it was his duty to convey upon demand after a fulfilment of the conditions of the bond. A demand was made upon him, as the case finds, and he refused to convey. The plaintiffs then had two remedies; one at law for damages, and one in equity to compel the specific performance of the conditions of the bond. The action at law must be against the defendant alone ; the bill in equity at least against Patten. He sought the former remedy, and the defendant having placed it out of his power to convey, no demand was necessary to be made upon him, and the exceptions must be overruled. What the remedy of the defendant may be, after he has satisfied the judgment, is not now necessary to be determined and probably will be dependent upon the proof of some additional facts.

*Motion and Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.